FILED
COURT OF APPEALS
DIVISION II

2014 DEC 16 AM 8:35

STATE OF WASHINGTON

BY_____
        DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45446-7-II |
| Respondent, | |
| v. | |
| CLIFFORD LEE STONE, JR., | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, C.J. — Clifford Lee Stone, Jr., appeals his jury trial conviction for felony driving under the influence (DUI). He argues that the trial court violated his right to refuse consent to a *warrantless* blood draw under the Fourth Amendment of the United States Constitution and article I, section 7 of the Washington State Constitution. Because Stone was not asked to give a *warrantless* blood sample, we hold that the trial court did not abuse its discretion when it admitted the challenged testimony. We affirm Stone's conviction.

## FACTS

On June 29, 2013, Sergeant Nathan Hovinghoff stopped Stone's vehicle for speeding. Sergeant Hovinghoff smelled alcohol in Stone's car, suspected that Stone was impaired, and noticed that Stone exhibited many traditional signs of alcohol impairment. When Stone refused to

perform a field sobriety test, Sergeant Hovinghoff arrested him for DUI and read him his *Miranda*[1] rights.

Stone was confrontational throughout the night. On the drive to the police station, Stone told Sergeant Hovinghoff that "he'd bust through that glass [separating the sergeant from the back seat of the patrol car where Stone sat] in three hits." 2 Report of Proceedings (RP) at 101. Because of Stone's combative demeanor, Sergeant Hovinghoff requested that several jailers meet him when he arrived at the jail and kept Stone handcuffed throughout the evening.

At the jail, Stone refused to take a blood alcohol content test. Sergeant Hovinghoff told Stone that he *"would apply for a search warrant for blood,"* and Stone responded that "it would take 15 people to get blood from him." 2 RP at 75 (emphasis added). After Sergeant Hovinghoff told Stone that he could arrange for 15 people to take his blood, Stone stood up out of his chair, glared at the Sergeant, and attempted to charge at him. It took three officers about 30 seconds to get Stone to calm down. Because of safety concerns, Sergeant Hovinghoff did not apply for a warrant for a blood sample, but he did get a warrant to search Stone's car and recovered a bottle of vodka from inside.

The State charged Stone with felony DUI.[2] Before trial, Stone moved in limine to exclude Sergeant Hovinghoff's testimony about his "refusal" to consent to provide a blood sample. The State argued that it offered Stone's reaction as evidence of his aggressive demeanor and that Stone's reaction was not a refusal to provide a *warrantless* blood sample. Stone argued that this

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[2] RCW 46.61.502(1), (6).

testimony would invite the jury to infer guilt from his refusal. The trial court denied Stone's motion.

Sergeant Hovinghoff testified consistent with the facts above about the night that he arrested Stone, and Stone did not object at trial to his testimony. Stone testified at trial and attempted to explain each of the symptoms of impairment that Sergeant Hovinghoff described. The jury convicted Stone of felony DUI, and he appeals that conviction.

## ANALYSIS

Stone argues that the trial court abused its discretion when it denied his motion in limine to exclude Sergeant Hovinghoff's testimony. Stone argues, specifically, that this testimony was effectively an improper comment on his constitutional right to refuse to provide a blood sample *without a warrant*.[3] We hold that the trial court did not abuse its discretion when it denied Stone's motion in limine because Sergeant Hovinghoff never asked Stone to submit to a warrantless blood draw and his reaction was, therefore, not a refusal.

### A. STANDARD OF REVIEW

We review a trial court's decision on a motion in limine and the admissibility of evidence for an abuse of discretion. *State v. Powell*, 126 Wn.2d 244, 258, 893 P.2d 615 (1995). The trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. *State v. Garcia*, 179 Wn.2d 828, 844, 318 P.3d 266 (2014). A trial court's decision is

---

[3] Stone argues that Sergeant Hovinghoff's testimony was an improper comment on his Fifth Amendment right to remain silent. This argument is not well taken. There is no dispute that he received *Miranda* warnings, stated that he understood his rights, and did not remain silent when he spontaneously told Sergeant Hovinghoff that it would take 15 people to draw blood pursuant to a warrant. Further, he did not object on this ground below. Consequently, we address this argument no further.

"manifestly unreasonable" when it is "'outside the range of acceptable choices, given the facts and the applicable legal standard.'" *State v. Dye*, 178 Wn.2d 541, 555, 309 P.3d 1192 (2013) (quoting *In re Marriage of Littlefield*, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997)).

A blood draw to determine alcohol content is a search under the Fourth Amendment. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 103 L. Ed. 2d 639 (1989). It is improper to use a defendant's exercise of his Fourth Amendment right to refuse consent to a warrantless search against him as substantive evidence of guilt. *State v. Gauthier*, 174 Wn. App. 257, 267, 298 P.3d 126 (2013); *see also United States v. Prescott*, 581 F.2d 1343, 1351-52 (9th Cir. 1978). However, where a suspect does *not* have a constitutional right to refuse consent to a search, it is appropriate for the State to comment on and invite the jury to infer guilt from the refusal. *State v. Mecham*, 181 Wn. App. 932, 946-47, 331 P.3d 80, *review granted*, 337 P.3d 325 (2014). Where the State has a warrant, a suspect has no constitutional right to refuse a search. *Gauthier*, 174 Wn. App. at 263-64; *see also Prescott*, 581 F.2d at 1350 ("'When a law enforcement officer claims authority to search a home under a warrant, he announces in effect that the occupant has no right to resist the search.'" (quoting *Bumper v. North Carolina*, 391 U.S. 543, 550, 88 S. Ct. 1788, 20 L. Ed. 2d 797 (1968))).

B. ANALYSIS

Based on Sergeant Hovinghoff's proposed testimony, Stone expressed an unwillingness to consent to a blood sample when he told the sergeant it would take 15 people to get him to submit. But Sergeant Hovinghoff never asked, demanded, or expected Stone to provide a *warrantless* blood sample. He told Stone that he "would be applying for a search warrant" for Stone's blood. 1 RP at 19. Stone's reaction, therefore, was not a refusal to provide a *warrantless* blood sample.

Stone's reaction to Sergeant Hovinghoff's statement that he would apply for a warrant to take a blood sample, therefore, did not implicate Stone's constitutional right against warrantless searches and any testimony about his conduct was proper.

Accordingly, the trial court did not abuse its discretion when it denied Stone's motion to exclude Sergeant Hovinghoff's testimony because Stone was not asked to give a *warrantless* blood sample, Stone's reaction was not a refusal to a warrantless search and, thus, the testimony was properly admitted. We affirm Stone's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, C.J.

JOHANSON, C.J.

We concur:

MAXA, J.

SUTTON, J.